IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DUANE BARTELS,

    Plaintiff,

v.      CV 414-075

SOUTHERN MOTORS OF SAVANNAH, INC.,
d/b/a SOUTHERN MOTORS ACURA,

    Defendant.

## ORDER

Presently before Court is Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment as untimely. (Doc. 42.) Defendant filed its Motion for Summary Judgment (doc. 40) on June 15, 2015; however, the deadline to file civil motions expired on April 23, 2015.[1] In response to the motion, Defendant requests that the Court deny the motion to strike or alternatively grant its request for leave to file an out of time motion. For the reasons stated herein, Plaintiff's Motion to Strike is **DENIED**.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). With this rule, "a party may convince a federal district court to overlook an untimely act by demonstrating

---

[1] Pursuant to the first scheduling order, entered on June 6, 2014, the parties had 30 days following the close of discovery to file all civil motions. (Doc. 15.) The parties were granted two extensions of these deadlines, the first on September 22, 2014, and the second on January 12, 2015. (Docs. 22 & 25.) Under the twice-amended scheduling order, discovery was finally set to conclude on March 23, 2015, with civil motions to be filed 30 days thereafter.

excusable neglect." Demint v. NationsBank Corp., 208 F.R.D. 639, 641-42 (M.D. Fla. 2002) (internal quotations and alteration omitted).

> In determining whether a party's neglect is excusable under Federal Rule 6(b), courts consider the following factors: '(1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.'

Carter v. Butts Cnty., Ga., No. 5:12-cv-209, 2015 WL 3477022, at *2 (M.D. Ga. June 2, 2015) (quoting Glover v. City of Pensacola, 372 F. App'x 952, 955 n.6 (11th Cir. 2010)). The determination of "what sorts of neglect will be considered 'excusable' . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the parties' omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship, 507 U.S. 380, 395 (1993). Importantly, "excusable neglect . . . is a flexible and somewhat forgiving notion." Meier v. Deutsche Bank Trust Co. Americas, No. 2:09-cv-169-FtM-29SPC, 2011 WL 1806509, at *2 (M.D. Fla. May 11, 2011).

Defendant presents the following excuse for its failure to meet the civil motions deadline: "Per defense counsel's normal practice, she usually requested her secretary to enter deadlines in her calendar; however, due to a relatively new staffing change, she believed that she personally attempted to enter these deadlines, and through inadvertence, she failed to properly enter (or save) the deadline for dispositive motions." (Doc. 44 at 3.)

Applying the four Glover factors above, the Court concludes that Defendant's neglect is excusable under the circumstances. First, Plaintiff's stated prejudice is (1) "undue delay" of the litigation and

(2) continuation of the economic damages that form the basis for the lawsuit. (Doc. 42 at 1.) He additionally states that he is prepared to proceed to trial and "hop[ed] that the Court would set trial for this summer" (id. at 6). He did not, however, contact the Court asking that his case be set down for trial or provide any particularized indication of the steps he took in preparation for trial. And while his desire to resolve this action is understandable and shared by most, if not all, who come before the Court, the generalized desire alone does not constitute prejudice. (Id. at 3.)

Turning to the second factor, the Court is aware of and troubled by the length of delay in this case. Cf. Walter v. Blue Cross & Blue Shield United of Wis., 181 F.3d 1198, 1202 (11th Cir. 1999) (addressing a delay in filing of one month); Carter, 2015 WL 3477022, at *1 (addressing a brief filed four days late); Kluge v. Smukler Servs., Inc., No. 12-62106, 2013 WL 6169214, at *1 (S.D. Fla. Nov. 20, 2013) (addressing a brief filed approximately 90 minutes after the deadline expired). However, this delay has not "had an adverse impact on the district court or its resources." Walter, 181 F.3d at 1202. Therefore, there is no reason to believe that allowing Defendant to file its motion for summary judgment would have a negative "impact on judicial proceedings." Carter, 2015 WL 3477022, at *2. Moreover, the Court finds summary judgment beneficial in developing an understanding of the legal issues and facts of a case.

As to the third factor, the reason for delay was certainly within defense counsel's control, a fact which she does not appear to contest. However, the Eleventh Circuit has twice held that "the failure . . . to

record the applicable deadline" is but an "innocent oversight . . . ." Walter, 181 F.3d at 1202 (addressing a delay in filing of one month); Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996) (finding that missing a filing deadline was attributable to negligence because there was "no indication that counsel deliberately disregarded" the local rules or "that Cheney intended to delay the trial or that he sought an advantage by filing late."); see also Carter, 2015 WL 3477022, at *2 (finding excusable neglect where the "delay in filing was due to a simple calendaring error").

Finally, the Court finds no indication of bad faith. Plaintiff contends that allowing the untimely filing would permit Defendant to "flout the Local Rules and this Court's Orders." (Doc. 42 at 6.) However, Plaintiff presents no evidence that Defendant's delay in filing was anything more than an innocent mistake.

On balance, the Court is presented with a lengthy delay of two months on one hand and on the other (1) no particularized indication of prejudice beyond a desire to move the case forward; (2) Eleventh Circuit precedent holding that errors in calendaring dates such as this are "innocent oversights"; and (3) no allegations of bad faith. On these facts, the Court finds good cause to amend the scheduling order with respect to the dispositive motions deadline. And while Plaintiff is correct that the Court's Orders are not to be ignored and scheduling deadlines are imposed for a purpose, the Court does not find that Defendant intended to make a mockery of the judicial proceedings or cause undue delay. Even so, the Court cautions defense counsel that in the future the appropriate course is to file a motion for leave to file an

untimely motion first. Indeed, the old adage that "it is better to ask for forgiveness than permission" has no place in federal practice.

Based on the foregoing, Plaintiff's Motion to Strike (doc. 42) is **DENIED** and Defendant's Motion for Leave to File Untimely Motion for Summary Judgment (doc. 44) is **GRANTED**. Plaintiff is **DIRECTED** to file a response to the motion for summary judgment (doc. 40) within **TWENTY-ONE (21) DAYS** of this Order. Defendant's reply brief shall be filed within **FOURTEEN (14) DAYS** of Plaintiff's response. In light of this amended schedule, Plaintiff's Motion for Extension of Time to File Response (doc. 49) is **DENIED AS MOOT**.

**ORDER ENTERED** at Augusta, Georgia, this 7th day of July, 2015.

---

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA